UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA
SAVANNAH DIVISION

| | |
|---|---|
| JIMMIE SAUNDERS, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v.  ) | CV421-247 |
| ) | |
| WALMART, INC., ) | |
| d/b/a Walmart Neighborhood ) | |
| Market, ) | |
| ) | |
| Defendant. ) | |

# ORDER

Plaintiff and Defendant, having jointly moved the Court for an order under Fed. R. Civ. P. 21 to add Wal-Mart Stores East, LP as a proper party and to dismiss Walmart, Inc. d/b/a Walmart Neighborhood Market as an improper party to this action, and to recast the caption of the Complaint, doc. 11; and the Court, having considered said motion, hereby **GRANTS** the parties' motion to add Wal-Mart Stores East, LP. The Court **RECOMMENDS**[1] that Walmart, Inc. d/b/a Walmart

---

[1] The undersigned's authority to grant a request to voluntarily dismiss a party is, at best, ambiguous. Federal Rule of Civil Procedure 72(b) requires a magistrate judge, in any pretrial motion "dispositive of a claim or defense" to "enter a recommended disposition," subject to a fourteen-day objections period and de novo review by the district judge. *Id.* Generally, "[o]rders granting leave to amend are non-dispositive, as they do not remove claims or defense of a party." *Vanderwalker v. Quandt's Food*

1

Neighborhood Market be **DISMISSED** without prejudice.

Subject to the terms of this Order, when Walmart, Inc. d/b/a Walmart Neighborhood Market is dismissed, the caption of this Complaint will hereinafter be styled as Jimmie Saunders, Plaintiff v. Wal-Mart Stores East, LP, Defendant.  It is further ordered Wal-Mart

---

*Serv. Distribs., Inc.*, 934 F. Supp. 42, 48 (N.D.N.Y. 1996).  However, the parties' motion seeks disposition and removal of all claims against Walmart, Inc. d/b/a Walmart Neighborhood Market.  Doc. 11.  There is some authority that a magistrate judge has authority to correct a misnomer, effectively dismissing the misnamed defendant and substituting the properly named defendant.  *See Knutson v. Walker Grp., Inc.*, 343 F. Supp. 2d 971, 973 (D. Colo. 2004) (misnamed defendant filing a motion to dismiss "does not convert plaintiff's request to correct the name of the party into a dispositive motion." (citing Fed. R. Civ. P. 15, 17)); *Sams v. GA West Gate, LLC*, 2016 WL 3339764, at * 3 (S.D. Ga. June 10, 2016) ("In the meantime, pursuant to Rule 21, the Court removes [a defendant] as a party.").  Other courts, however, have treated dismissals under Fed. R. Civ. P. 21 as requiring Rule 72's Report and Recommendation procedure.  *See, e.g.*, *Uniloc 2017, LLC v. Google, LLC*, 2019 WL 6002205, at * 1 (E.D. Tex. Sept. 10, 2019); *Core Labs. LP v. AmSpec, LLC*, 2017 WL 1407652, at * 1 (S.D. Ala. Apr. 19, 2017).  Even courts that treat such motions as within the magistrate judge's power are not wholly confident.  *See Foden v. Floyd*, 2019 WL 2343676, at * 2, n.1 (E.D. Mich. May 31, 2019) ("Because Plaintiff's unopposed motion to voluntarily dismiss [a defendant], pursuant to Rule 21, is not enumerated as an exception in 28 U.S.C. § 636(b)(1)(A), and involves a non-dipositive matter which does not put an end to the proceedings before the Court, an opinion and order is effective. [Cit.]  However, to extent the parties disagree, they may treat the Court's order on this motion as a report and recommendation and file any objections within 14 days of service, as provided for in Fed. R. Civ. P. 72(b)(2) . . . .").

Given that ambiguity, the Court grants the motion, but should any party object to the dismissal of Walmart, Inc. d/b/a Walmart Neighborhood Market within fourteen days, the Clerk is **DIRECTED** to convert this Order into a Report and Recommendation.  Upon conversion of this Order into a Report and Recommendation, the Clerk shall submit the R&R together with any objections to the assigned district judge.   The district judge will review the magistrate judge's findings and recommendation pursuant to 28 U.S.C. § 636(b)(1)(C).  The parties are advised that failure to timely file objections will result in the waiver of rights on appeal.  11th Cir. R. 3-1; *see Symonette v. V.A. Leasing Corp.*, 648 F. App'x 787, 790 (11th Cir. 2016); *Mitchell v. United States*, 612 F. App'x 542, 545 (11th Cir. 2015).

Stores East, LP shall be substituted each and every place Walmart, Inc. d/b/a Walmart Neighborhood Market is named in any pleadings as if Walmart, Inc. d/b/a Walmart Neighborhood Market had never been named.

**SO ORDERED**, this 25th day of October, 2021.

_____
CHRISTOPHER L. RAY
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA